NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0093n.06
Filed: February 4, 2009

No. 07-2513, 08-1206

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHRIS JACKSON, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| | ) | |
| COUNTY OF WASHTENAW | ) | O P I N I O N |
| Washtenaw County Sheriff's Department,) | | |
| JOHN DOE, Supervisory Officers, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |
| EVERETTE ROBBINS, | ) | |
| Detective, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: CLAY and GIBBONS, Circuit Judges, and STAMP, District Judge.*

FREDERICK P. STAMP, JR., Senior District Judge. Plaintiff-appellant Chris Jackson ("Jackson") appeals the district court's order granting the defendant Detective Everette Robbins' ("Detective Robbins") motion for summary judgment on Jackson's § 1983 federal civil rights claim in which he alleges that Detective Robbins created false testimony and evidence in order to charge and arrest Jackson in a "cold case" murder in violation of his Fourth and Fourteenth Amendment

_____

*The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia sitting by designation.

rights. Jackson also appeals the district court's order granting Detective Robbins' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Having reviewed the parties' briefs and the applicable law, and with the benefit of oral argument,[1] we conclude that a panel opinion addressing the issues raised would serve no jurisprudential purpose. Therefore, we affirm the district court's orders for the reasons stated in the district court's opinions, with only the following exception.

In granting Detective Robbins' motion for summary judgment, the district court concluded that Jackson failed to show that either his Fourth Amendment or Fourteenth Amendment constitutional rights were violated. By making this determination, the district court thus implied that Detective Robbins' actions potentially implicated Jackson's due process and equal protection rights under the Fourteenth Amendment. The district court failed to acknowledge, however, that after the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), a plaintiff may no longer bring a cause of action claiming a violation of substantive due process rights under the Fourteenth Amendment when detained without probable cause. Rather, a plaintiff claiming that his constitutional rights were violated when state officials detained him without probable cause must assert a Fourth Amendment claim. *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006).

In *Gregory*, this Court addressed how the *Albright* decision impacted claims similar to those alleged by Jackson. In that case, the plaintiff alleged that a forensic examiner with the Kentucky State Police Crime Laboratory unlawfully continued his detention by fabricating evidence and withholding exculpatory evidence that would have dissolved probable cause. *Gregory*, 444 F.3d at

---

[1] Despite requesting oral argument in his appellate briefs to this Court, Jackson's attorney did not appear for argument. Detective Robbins' attorney did both appear and present an oral argument to this Court.

2

747. Citing the earlier opinion of *Spurlock v. Satterfield*, 167 F.3d 995, 1004-06 (6th Cir. 1999), this Court stated that it "has interpreted *Albright* as requiring that traditional claims for 'malicious prosecution' be pursued and treated as Fourth Amendment violations when the gravamen of the complaint is continued detention without probable cause." *Gregory*, 444 F.3d at 748. Moreover, this Court determined that "[a] reading of *Albright* and *Spurlock* also makes clear that the subset of malicious prosecution claims which allege continued detention without probable cause must be pursued and analyzed under the Fourth Amendment." *Id.* at 750.

In the aftermath of these precedential decisions, it remains clear that Jackson's claim that his Fourteenth Amendment constitutional rights were violated by Detective Robbins' solicitation of false testimony cannot be pursued. The gravamen of Jackson's complaint is that Detective Robbins continued Jackson's detention for approximately six months without probable cause by creating and falsifying witness testimony and evidence. Jackson, therefore, must pursue relief for an alleged violation of his constitutional right against continued detention without probable cause under the Fourth Amendment. Here, Jackson did properly plead a Fourth Amendment violation in his complaint, and the district court properly dismissed that claim by granting Detective Robbins' motion for summary judgment. Thus, while it failed to acknowledge that Jackson's liberty interest to be free from continued detention without probable cause is no longer a viable Fourteenth Amendment due process claim, the district court nevertheless reached the correct result.

Accordingly, with the foregoing additional reasoning, we affirm the orders of the district court in favor of the defendant Detective Robbins.